

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 11 2020
CLERK, U.S. DISTRICT COURT
By_____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| LIFE PARTNERS HOLDINGS, INC., § | Case No. 15-40289-MXM |
| ET AL., § | Chapter 11 |
| § | (Jointly Administered) |
| Debtors, § | |
| § | |
| § | |
| LIFE PARTNERS CREDITORS' TRUST § | Adversary No. 15-04087-mxm |
| AND ALAN M. JACOBS, AS TRUSTEE § | |
| FOR LIFE PARTNERS CREDITORS' § | |
| TRUST, § | |
| § | |
| Plaintiffs, § | |
| VS. § | No. 4:16-CV-200-A |
| § | |
| JAMES SUNDELIUS, ET AL., § | |
| § | |
| Defendants. § | |

ORDER

Came on for consideration the motion of plaintiffs, Life Partners Creditors' Trust and Alan M. Jacobs, as Trustee for the Life Partners Creditors' Trust, to partially exclude the testimony of Gary M. Durham ("Durham"). The court, having considered the motion, the response of defendants, Faye Bagby, Fred A. Cowley, Edward G. Burford Corporation, Falco Group, LLC, and Mark McKay, the record, and applicable authorities, finds that the motion should be granted.

Plaintiffs urge that the court should exclude the expert report and testimony of Durham that relates to the actuarial analysis of the life settlements sold by Life Partners, Inc. ("LPI"). They say that Durham has no qualifications, skill,

training, or experience in conducting actuarial analysis or the valuation of life settlements, and that he has not done any actuarial work.

In response, defendants note that plaintiffs did not confer prior to filing the motion, as is required by Local Civil Rule LR 7.1. Had they done so, they would have learned that Durham does not intend to offer actuarial analysis, but only financial analysis, which he is qualified to give. Although plaintiffs were required to confer prior to filing their motion, they most certainly knew that the motion would be opposed. The parties have now conferred regarding the motion and have not been able to reach any agreement. The court is not persuaded in this instance that failure to confer before filing the motion is a good reason for denying the relief sought.

Although defendants contend that Durham does not intend to offer any actuarial analysis, the opinions he intends to offer do so in one way or another. Defendants intend to present through Durham's testimony matters of common sense and intuition that could be brought out on cross-examination of Gibson. In other words, they intend to elevate their theory of the case by using Durham as an expert. His expertise is poking holes in Gibson's testimony, but that is something he is not qualified to do. Durham is not an actuary and cannot address the lack of

2

accuracy of the life expectancy projections underlying the value of the portfolio of policies at issue.

The court ORDERS that plaintiffs' motion to partially exclude Durham's testimony be, and is hereby, granted, and Durham will not express the opinions set forth in paragraph 2 of the summary of opinions section of his expert report, Doc.1 138 at Appx-00004 to -00007.

SIGNED June 11, 2020.

_____
JOHN McBRYDE
United States District Judge

---

1 The "Doc. __" reference is to the number of the item on the docket in this case.